UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 06-22872-CIV-HUCK/SIMONTON

In Re:
TIMOTHY PATRICK HARTNETT,
        Debtor,
_____

STATE OF FLORIDA,
DEPARTMENT OF REVENUE,
        Appellant,
vs.

TIMOTHY PATRICK HARTNETT,
        Appellee.

_____/

## ORDER

This matter is before the Court on the Appeal and Cross Appeal of the judgment of the Order (1) Denying Motion to Strike; (2) Denying Motion for Summary Judgment; and (3) Dismissing Proceeding, entered by Judge Robert A. Mark of the United States Bankruptcy Court for the Southern District of Florida on September 19, 2006. The Court has reviewed the briefs of the parties and the record of this case, and is duly advised in the premises. The Court has jurisdiction to hear this appellate action pursuant to 28 U.S.C. § 158(a).

## BACKGROUND

This is an appeal and cross appeal of the Bankruptcy Court's rulings in connection with the Debtor/Appellee/Cross Appellant, Timothy Patrick Hartnett's ("Debtor") action to discharge a debt for unpaid child support. Sara Mustelier ("Mustelier") gave birth to twins on November 19, 1983. Mustelier was married at the time, but had had extramarital sexual relations with Debtor. The birth certificates of the twins listed Mustelier's husband, not Debtor, as their father.

Over two years after the birth of the twins, Mustelier filed a paternity action against Debtor in state court in Sarasota County, Florida. Mustelier signed an affidavit attesting that Debtor was the father of the twins. Debtor, a resident of Miami-Dade County, did not respond to the complaint, and a default final judgment of paternity was entered against him on September 23, 1986. The state court in Sarasota County subsequently entered an order of child support on October 6, 1987.

Mustelier sought to enforce the child support order in state court in Sarasota in September 1991. Debtor requested biological testing, but Mustelier refused. Mustelier finally agreed to the testing in 2000. The DNA test indicated that there was a "0 percent" chance that Debtor was the father of the twins. On June 1, 2001, Debtor filed a motion in state court to vacate the paternity judgment and child support order. The state court denied the motion on the grounds that it was untimely pursuant to Rule 1.540 of the Florida Rules of Civil Procedure. Therefore, Debtor was still subject to the child support order at the time he filed for bankruptcy on April 26, 2004. Debtor currently owes in excess of $50,000 in past and presently due child support.

On May 11, 2004, Debtor initiated an adversary proceeding against Mustelier in the bankruptcy court seeking a discharge of the child support debt under 11 U.S.C. 523(a)(5). Mustelier moved to dismiss that action on the grounds that Debtor was collaterally estopped from challenging the obligation, or alternatively to abstain in favor of a state court determination of dischargeability. On June 30, 2004, the Bankruptcy Court denied Mustelier's Motion to Dismiss and ordered a second DNA test.

Rather than immediately conduct the second DNA test, Appellant embarked on a series of challenges to the bankruptcy court's orders and jurisdiction. First, Appellant unsuccessfully sought rehearing on the bankruptcy court's denial of Mustelier's motion to dismiss. Second, Appellant filed an interlocutory appeal from the bankruptcy court's order denying rehearing. This Court denied that

interlocutory appeal on November 4, 2004. Third, Appellant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction under the *Rooker-Feldman* doctrine. The bankruptcy court denied Appellant's motion to dismiss, and United States District Judge Marcia Cooke denied Appellant's motion for leave to appeal on December 29, 2004.

The second DNA test was conducted and confirmed the results of the first DNA test – that there was a "0 chance" that Debtor was the father of Mustelier's twins. Both Appellant and Debtor subsequently filed Motions for Summary Judgment in January 2005 before the bankruptcy court. Debtor argued that the child support debt is dischargeable because it is not a debt to the "child of the debtor" under 11 U.S.C. § 523(a)(5) based on the DNA test results. Appellant argued that the child support debt is to the "child of the debtor" based on the final paternity judgment and child support order issued in state court. The bankruptcy court framed the determinative issue as: "Should the Paternity Judgment be given preclusive effect under the doctrine of collateral estoppel?"

The bankruptcy court answered that question in the negative. The bankruptcy court found that the four factors for collateral estoppel were satisfied, but also that the "manifest injustice" exception to collateral estoppel under Florida law applied. The bankruptcy court determined that there would be manifest injustice for Debtor to be held responsible for the support of children that were not his own. The bankruptcy court not only set aside the paternity judgment, but affirmatively made the additional finding that the debt was dischargeable as not being to a "child of the debtor." As a result, the bankruptcy court granted summary judgment in favor of Debtor in its September 9, 2005 Order.

Appellant appealed the September 9, 2005 Order on a number of grounds. First, Appellant argued that the bankruptcy court abused its discretion in applying the "manifest injustice" exception to collateral estoppel. Second, even if the bankruptcy court properly decided not to give preclusive

3

effect to the paternity judgment, Appellant argued that the bankruptcy court did not have subject matter jurisdiction for, or alternatively should have abstained from, deciding a domestic relations issue traditionally reserved for state courts. Appellee responded that the bankruptcy court properly applied the "manifest injustice" exception for which there is no "public interest" requirement. Debtor also argued that the bankruptcy court properly refused to abstain because dischargeability actions are within the exclusive jurisdiction of the bankruptcy courts.

In an Order dated February 17, 2006, this Court concluded that the bankruptcy court had not abused its discretion in not applying collateral estoppel under the "manifest injustice" exception. Accordingly, the Court affirmed all aspects of the bankruptcy court's collateral estoppel analysis. The Court, however, reluctantly reversed the bankruptcy court on the issue of abstention. Although the Court agreed that there would be a "manifest injustice" if the state court paternity judgment were given preclusive effect in the dischargeability proceeding, the Court held that federal court is not the proper forum for the additional step taken by the bankruptcy court – the actual nullification of such injustice by a substitute finding that Mustelier's twins are not the "child[ren] of the debtor" for purposes of 11 U.S.C. § 523(a)(5). The Court noted that such a finding is a fundamental question of family law on which federal courts, for reasons of comity, must abstain under Eleventh Circuit precedent.

Following remand to bankruptcy court, the parties continued to litigate in an existing action initiated by Mustelier in 2003 for collection of the child support debt (the "Collection Action"). In the Collection Action pending before Judge Cardonne-Ely in Miami-Dade County Circuit Court, Mustelier sought to set aside Debtor's transfer of certain real property to his father. Mustelier claimed the transfer was an attempt by Debtor to avoid payment of child support. Judge Cardonne-Ely ordered that paternity be determined and further stated that if a negative result was obtained, the

Collection Action would be dismissed. However, before the state court could entertain the matter of paternity, Mustelier voluntarily dismissed her Collection Action. Thereafter, on account of Mustelier's frustration of this Court's determination that the matter of paternity should be decided by a state court, Debtor filed a Motion for Summary Judgement in the bankruptcy court under the doctrine of judicial estoppel. Debtor argued that Appellant should be judicially estopped from contesting the dischargeability of the state court child support debts based upon Mustelier's decision to voluntarily dismiss the Collection Action. Appellant filed a motion to strike Debtor's Motion for Summary Judgment. On September 19, 2006, while acknowledging that Mustelier had dismissed the Collection Action in bad faith, the bankruptcy court denied both motions and dismissed the adversary proceeding until such time as there was a state court determination of paternity. In its Order, the bankruptcy court included language that the injunction against enforcement efforts on the child support obligation previously entered at the inception of the case remained in effect. Both Appellant and Debtor appealed the bankruptcy court's ruling to this Court.

Appellant argues that the Bankruptcy Court erred in entering an injunction *sua sponte*. Appellant contends that there was no finding of irreparable harm to support the entry of an injunction and that it was not given notice and a fair opportunity to oppose the injunction, as required by Rule 7065, Federal Rules of Bankruptcy Procedure. Debtor seeks review of the Bankruptcy Court's denial of his Motion for Summary Judgment on the issue of judicial estoppel.

## **STANDARD OF REVIEW**

District courts function as appellate courts in reviewing bankruptcy courts' decisions. A bankruptcy court's findings of fact will be upheld unless found to be clearly erroneous. *In re Calvert,* 907 F.2d 1069 (11th Cir. 1990); *In re Downtown Properties, Ltd.,* 794 F.2d 647 (11th Cir. 1986). A bankruptcy court's findings of fact are clearly erroneous where, although there is evidence to support

the finding, the district court on its review of all the evidence is left with the definite and firm conviction that a mistake has been made. *United States v. U.S. Gypsum,* 333 U.S. 364, 395 (1948). Conclusions of law made by a bankruptcy court are subject to *de novo* review. *In re Calvert*, 907 F.2d at 1070.

## ANALYSIS

The Court, based on the findings of fact and conclusions of law stated in open Court at the hearing held on this date, finds that the bankruptcy court did not err by entering an injunction *sua sponte* which enjoined enforcement of Debtor's child support obligation. As indicated at the hearing, the bankruptcy court did not enter an injunction by its September 19, 2006 Order, but instead kept in place an injunction entered on June 30, 2004 while the parties submitted the §523(a)(5) issue to a state court. The Court also finds, based on the findings of fact and conclusions of law also stated at the hearing, that the bankruptcy court did not err in denying Debtor's Motion for Summary Judgment on the issue of judicial estoppel. Accordingly, it is

ORDERED that the bankruptcy court's September 19, 2006 Order (1) Denying Motion to Strike; (2) Denying Motion for Summary Judgment; and (3) Dismissing Proceeding is AFFIRMED in all respects.

DONE AND ORDERED in Chambers, Miami, Florida, this 19th day of January, 2007.

_____
Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record